IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RALPH J. CAMACHO | : | NO. 10-170 |

**O R D E R**

**AND NOW**, this 6th day of December, 2010, upon consideration of Government's Motion In Limine to Limit Cross-Examination of the Government's Witnesses Pursuant to FRE 609 (Document No. 15, filed September 28, 2010), Letter from Jack McMahon (Document No. 32, filed November 2, 2010), Government's Motion In Limine to Admit Prior Convictions Pursuant to 609(a) (Document No. 16, filed September 28, 2010), Response to Government's Motion to Introduce Evidence Under Fed. R. Evid. 609 and Supporting Memorandum of Law (Document No. 33, filed November 2, 2010), United States' Motion In Limine to Introduce Evidence of Other Acts Pursuant to Fed. R. Evid. 404(B) (Document No. 21, filed September 28, 2010), and Response to Government's Motion to Introduce Evidence Under Fed. R. Evid. 404 and Supporting Memorandum of Law (Documents No. 34-35, filed November 12, 2010), for the reasons set forth in the Memorandum dated December 6, 2010, **IT IS ORDERED** as follows:

1. Government's Motion In Limine to Limit Cross-Examination of the Government's Witnesses Pursuant to FRE 609 (Document No. 15, filed September 28, 2010) is **GRANTED**;

2. Government's Motion In Limine to Admit Prior Convictions Pursuant to 609(a)

(Document No. 16, filed September 28, 2010) is **DENIED**; and

3. United States' Motion <u>In Limine</u> to Introduce Evidence of Other Acts Pursuant to Fed. R. Evid. 404(B) (Document No. 21, filed September 28, 2010) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

   a. That part of the government's Motion that seeks to admit Camacho's admission to police that he sold drugs, the Confidential Informant's testimony about purchasing drugs from Camacho, civilian witness testimony regarding Camacho's prior drug transactions, civilian witness testimony about Camacho's possession of the gun seized and evidence that the gun was stolen is **GRANTED**;

   b. That part of the government's Motion that seeks to admit Camacho's conviction in 2003 for carrying a firearm on the street and carrying a firearm without a license and his conviction in 2004 for a felony controlled substance violation is **DENIED**.

**IT IS FURTHER ORDERED** that the entry of this Order is **WITHOUT PREJUDICE** to the defendant's right to seek reconsideration if warranted by changed circumstances before trial or at trial.

                              **BY THE COURT:**

                              <u>/s/ Hon. Jan E. DuBois</u>
                              **JAN E. DUBOIS, J.**